IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TORIANO MOODY | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01567-CCW |
| | ) | |
| v. | ) | |
| | ) | |
| CONSTRUCTION GENERAL | ) | |
| LABORERS' LOCAL UNION No. 373 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant Construction General Laborers' Local Union No. 373's ("Local 373") Motion to Dismiss Plaintiff Toriano Moody's Complaint. *See* ECF No. 5. For the reasons that follow, Local 373's Motion will be GRANTED, and Mr. Moody's Complaint will be DISMISSED. Mr. Moody will be given leave to amend only Count I; otherwise, his claims will be dismissed with prejudice.

**I.    Background**

Mr. Moody filed his five-count Complaint in state court, and Local 373 removed it to federal Court. ECF No. 1; ECF No. 1-2. In short, Mr. Moody claims that: (1) he was subjected to a race-based hostile work environment in violation of the Pennsylvania Human Relations Act ("PHRA") and the Equal Employment Opportunity Commission ("EEOC") (Count I);[1] (2) Local 373 retaliated against him by terminating him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count II); (3) Local 373 retaliated against him by unlawfully terminating him in violation of the PHRA and the EEOC (Count III); (4) Local 373 unlawfully terminated him

---

[1] The Court construes claims asserted against the "EEOC" as being brought pursuant to Title VII, given that Title VII is the law banning discriminatory employment practices and creating the EEOC. *See* ECF No. 5 ¶ 3; *see also* 42 U.S.C. § 2000e, *et seq*.

because of his race (Count IV);  he was subjected to unlawful racial discrimination in violation of the PHRA and EEOC (Count V).  *See* ECF No. 1-2.

The facts alleged in support of these claims are as follows:

Mr. Moody is a former employee of non-party PJ Dick.  *See* ECF No. 1-2 ¶ 4.  Defendant Local 373 is a local union representing laborers.  ECF No. 5 ¶ 2.  While working for PJ Dick, Mr. Moody was represented by Local 373.  ECF No. 1-2 ¶ 4.  PJ Dick terminated Mr. Moody on April 14, 2021.  *Id.* ¶ 3–4.  Mr. Moody alleges that while he was employed by PJ Dick, PJ Dick permitted laborers who were not African American to use certain equipment that Mr. Moody was not permitted to use.  *Id.* ¶ 6.[2]  Mr. Moody alleges that this conduct created a hostile work environment. *Id.* ¶¶ 7, 10.  Mr. Moody claims that Local 373 had knowledge of this alleged harassment and racial discrimination but did not do anything to prevent or stop it, and, furthermore, did not "properly represent" Mr. Moody when he sued PJ Dick.  *Id.* ¶¶ 4, 8, 9.  Mr. Moody claims that when he complained about this alleged mistreatment, Local 373 unlawfully terminated him in retaliation.  *Id.* ¶¶ 12, 14, 18, 20.[3]  Mr. Moody further contends that Local 373 unlawfully terminated him because of his race.  *Id.* ¶¶ 24, 29.

[2] Mr. Moody alleges that he is a member of a protected class for purposes of his employment discrimination claims in this case. ECF No. 1-2 ¶ 6. He does not clearly allege which protected class he is a member of, but it is reasonable to infer from the Complaint that Mr. Moody is African American, based on the language distinguishing him from "other laborers who were not African American." *Id.*; *see also* ECF No. 15 at 2 (clarifying that Mr. Moody is African American).

[3] Mr. Moody clarifies in his opposition to Local 373's Motion, ECF No. 15, that the Complaint, ECF No. 1-2, was mistaken  in stating that Local 373 is responsible for terminating him. ECF No. 15 at 2. He concedes that PJ Dick, not Local 373, terminated him. *Id.* The Court also notes that Mr. Moody seemingly attempts to assert a claim for disability discrimination in Count I. *See* ECF No. 1-2 at 2 (Count I with heading "Hostile Work Environment Disability Discrimination").  However, given that Mr. Moody alleges no facts related to any disability in his Complaint, nor does he advance any argument in his briefing related to a disability claim, the Court deems any purported disability claim to have been either asserted in error or otherwise to have been waived.

As relevant here, Local 373 seeks dismissal of the Complaint for failure to state a plausible claim upon which relief can be granted.[4]  ECF No. 5 ¶ 9;  ECF No. 6 at 5–7.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id*. Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even

---

[4] Local 373 also seeks dismissal for failure to exhaust administrative remedies, for the Complaint being time-barred, and under 12(b)(7) for failure to join a necessary party.  *See* ECF No. 5.  However, because the Court will dismiss Mr. Moody's Complaint for failure to state a claim, it need not address Local 373's other arguments.

after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

## III.   Discussion

Mr. Moody's claims against Local 373 arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* and under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951 *et seq.*  Because courts in the Third Circuit "have construed the protections of the two acts interchangeably," the Court will discuss Mr. Moody's Title VII and PHRA claims in tandem.  *Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001).

### a.   Count I Will Be Dismissed Because Mr. Moody Fails to Plead Facts Sufficient to Support a Hostile Work Environment Claim Against Local 373

#### i.   The Parties' Arguments

In Count I, Mr. Moody alleges that he was subjected to unlawful harassment that rose to the level of a hostile work environment because other laborers who were not African American were allowed to use equipment that Mr. Moody was not allowed to use.  ECF No. 1-2 ¶ 6.  Mr. Moody further alleges that Local 373 did not take any action to address the alleged unlawful harassment although Mr. Moody allegedly reported the harassment to an unidentified agent of Local 373, and that Local 373 had knowledge of it.  *Id.* ¶ 8, 9, 18.

Local 373 responds that Count I should be dismissed because:  (1) the Complaint fails to allege that Mr. Moody filed a grievance with Local 373;  (2) Local 373 could not have created a hostile work environment for Mr. Moody because it was PJ Dick—not Local 373that designated which pieces of equipment PJ Dick's employees were permitted to use;  and (3) even taking the

Complaint's allegations as true, the alleged treatment was neither "severe or pervasive," as required for an actionable claim for hostile work environment under Title VII. *See* ECF No. 6 at 6–7. In response, Mr. Moody simply reasserts the factual allegations and legal theories alleged in his complaint, but otherwise fails to meaningfully address Defendant's arguments. ECF No. 15 at 2.

### ii.   Count I Will Be Dismissed Because Mr. Moody Fails to Plead that He Filed a Grievance

A union may be liable for creating a hostile work environment under Title VII if the plaintiff demonstrates that: "(1) []he was subjected to a hostile work environment;  (2) []he requested action on the part of the union;  and (3) the union ignored h[is] request for action*." Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 644 (M.D. Pa. 2009). A plaintiff's claim will fail if he fails to establish that he requested the union to take action. *Id.* While a union may be liable under Title VII for acquiescence to a company's prohibited employment discrimination, "mere inaction does not constitute acquiescence." *Hubbell v. World Kitchen, LLC*, 717 F. Supp. 2d 494, 502 (W.D. Pa. 2010) (Conti, J.) (quoting *York v. American Telephone & Telegraph Co.*, 95 F.3d 948, 956 (10th Cir. 1996)). In order to "acquiesce" to discrimination, a union must have "knowledge that prohibited discrimination may have occurred" and made "a decision not to assert the discrimination claim." *Id.* (quoting *York v. American Telephone & Telegraph Co.* 95 F.3d at 956). Unless union members complain to the union, a union does not have an affirmative duty to monitor an employer's activities. *Id.* A union also may face liability under Title VII if an employee affirmatively requests the union to act when the employee has faced discrimination at the hands of the employer, and the union deliberately refuses or fails to act on such a request. *Id.*, *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987) (holding that a union is prohibited under Title VII from "refus[ing] to file any and all grievances presented" on the grounds of

discrimination).   A plaintiff may present facts sufficient to withstand a defendant's motion to dismiss if plaintiff indicates that union leadership ignored plaintiff's complaints regarding a hostile work environment.   *Durko v. Oi-Neg TV Prods.*, 870 F. Supp. 1268, 1277 (M.D. Pa. 1994).

Here, Mr. Moody does not dispute Local 373's argument that, as his union rather than his employer, Local 373 did not determine which pieces of equipment PJ Dick's employees could use, and therefore Local 373 cannot be liable for creating the alleged hostile work environment.   *See* ECF No. 15 (Plaintiff's Response in Opposition to Local 373's Motion).

Next, and more importantly, Mr. Moody fails to provide facts indicating that he requested that Local 373 take action to address the alleged hostile work environment.   In Count I, Mr. Moody claims that Local 373 was "aware that the harassment was taking place" and that Local 373's "agent participated in the harassing conduct."   ECF No. 1-2 ¶¶ 8–9.   Elsewhere in the Complaint, Mr. Moody asserts that he "reported unlawful harassment and racial discrimination…on multiple occasions to agents of Defendant."   *Id.* ¶ 18.   Nowhere, however, does Mr. Moody provide any details regarding the identity of any "agent" to whom he reported the discrimination, what position, if any, the "agent" held, or other any other information about said "agents."   Nor does Mr. Moody provide any facts supporting his alleged reporting of unlawful harassment or that he made any request for Local 373 to take action on his behalf to ameliorate the alleged harassment.[5]   Without additional facts regarding the identity of this purported "agent," Mr. Moody's allegation that Local 373 failed to act on his behalf is based on nothing more than mere labels and conclusions.   Moreover, Mr. Moody merely alleges that "Defendant was aware that the harassment was taking place," without specifying that Mr. Moody requested that the union take action regarding the

---

[5] Indeed, Mr. Moody's brief in opposition undercuts the Complaint's assertion that Mr. Moody reported unlawful harassment and discrimination, given that his brief asserts that "Construction Laborers' Local Union No. 373 did not properly represent him in his suit against his employer PJ Dick.  This is evident from the fact that Construction Laborers' Local Union No. 373 didn't know about a lawsuit against PJ Dick."  ECF No. 15 at 1–2.

allegedly hostile work environment.  ECF No. 1-2 ¶ 8.  However, as noted above, "mere inaction does not constitute acquiescence."  *Hubbell* 717 F. Supp. 2d at 502.  Therefore, Mr. Moody's claim that Local 373 and its "agents" were "aware" of the alleged harassment fails to sufficiently allege that he requested that Local 373 take action or that Local 373 acquiesced to the existence of a hostile work environment.  In short, although a union may be held liable under Title VII, the Complaint fails to allege "that the Union itself instigated or actively supported the discriminatory acts allegedly experienced by" Mr. Moody.  *Anjelino v. New York Times Co.*, 200 F.3d 73, 95 (3d Cir. 1999) (citations omitted).  Consequently, Mr. Moody fails to state a claim against Local 373 in Count I, and that claim will be dismissed.  However, because the Court cannot conclude on the present record that permitting Mr. Moody to amend his Complaint as to Count I would be inequitable or futile, leave to amend will be given.

### iii.  Count I also Will Be Dismissed Because the Facts Alleged Do Not Establish Conduct That Was Either Severe or Pervasive

In the alternative, to assert an actionable Title VII hostile work environment claim, a plaintiff must establish that the discrimination was sufficiently severe or pervasive.  *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017).  "The severe or pervasive standard is disjunctive," so a plaintiff only needs to show that the hostile working environment was either sufficiently severe or pervasive to have altered the working conditions in order to assert an actionable claim. *Moody v. Atl. City Bd. Of Educ.*, 870 F.3d 206, 214 n. 12 (3d Cir. 2017) (quoting *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d Cir. 2010)).  The court must consider the totality of the circumstances when determining whether the hostile working environment is sufficiently severe or pervasive.  *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 168 (3d Cir. 2013);  *see also Castleberry*, 863 F.3d at 264 (factors to consider include:  "the frequency of the discriminatory conduct;  its severity;  whether it is physically threatening or humiliating, or a mere offensive

utterance;  and whether it unreasonably interferes with an employee's work performance") (citation omitted).   Conduct is not pervasive if the incidents are irregular, and isolated incidents are insufficient.  *Grazioli v. Genuine Parts Co.*, 409 F. Supp. 2d 569, 577 (D.N.J. 2005).

Here, Mr. Moody fails to allege facts sufficient to support a claim that the conduct was severe or pervasive.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that although a plaintiff does not need to provide detailed factual allegations in a complaint, plaintiff is required "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond mere "labels and conclusions"). The only conduct the Complaint refers to is that "[o]ther laborers who were not African American were allowed to use" equipment that would "help [Mr. Moody] with his job," whereas Mr. Moody was allegedly not allowed to use such equipment.  *See* ECF No. 1-2 ¶ 6.  Mr. Moody's Complaint does not provide any details about the severity of the conduct or its frequency or duration.  Because the Complaint relies on "mere labels and conclusions," it does not satisfy the plausibility standard under *Twombly/Iqbal* and is subject to dismissal for this reason as well.  That said, for the same reasons as noted above, such dismissal will be with leave to amend as to Count I.

### b. Counts II, III, IV, and V Will Be Dismissed with Prejudice Because Local 373 Was Not Mr. Moody's Employer and Therefore Cannot Be Liable for His Termination

Counts II, III, IV, and V are premised on Mr. Moody's allegedly unlawful termination by Local 373.  ECF No. 1-2 ¶ 11–31.  Local 373 argues that it was not Mr. Moody's employer and therefore could not have terminated him, nor can it be held responsible for an alleged lay off by Mr. Moody's actual employer, PJ Dick.  ECF No. 6 at 5–6.

In his Brief in Opposition to Local 373's Motion, Mr. Moody concedes that it was "not possible" for Local 373 to be responsible for Mr. Moody's termination because PJ Dick was Mr. Moody's employer, not Local 373.  ECF No. 15 at 2.  Accordingly, because Mr. Moody concedes

that the adverse employment action—termination—on which is claims in Counts II–V are based was not, and could not have been, taken by Local 373, the Court will dismiss those claims. However, the Court will not provide leave to amend because it would be futile.  *See Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 662–63 (M.D. Pa. 2009) (holding that Plaintiff cannot establish a prima facie case for retaliation against a union "because the adverse actions of which she complains—her suspension and termination—were actions of Plaintiff's employer …. [and Title VII] does not by its terms impose liability on a labor organization for the retaliation of an employer").

## IV.   Conclusion

For the reasons set forth above, Mr. Moody's Complaint is hereby DISMISSED.  Count I is dismissed without prejudice and with leave to amend.  Mr. Moody may file an amended complaint as to Count 1 only on or before **June 3, 2022.**  Counts II throughV are dismissed with prejudice.  If Mr. Moody does not file an amended complaint as to Count I on or before June 3, 2022, the dismissal of that Count will be converted to a dismissal with prejudice without any further action by the Court.

IT IS SO ORDERED.

DATED this 24th day of May, 2022.


BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record