IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TORIANO MOODY | )<br>) |
| Plaintiff, | ) 2:21-CV-01567-CCW<br>) |
| v. | )<br>)<br>) |
| CONSTRUCTION GENERAL<br>LABORERS' LOCAL UNION No. 373 | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Construction General Laborers' Local Union No. 373's ("Local 373") Motion to Dismiss Plaintiff Toriano Moody's Amended Complaint. *See* ECF No. 21. For the reasons that follow, Local 373's Motion will be GRANTED, and Mr. Moody's Complaint will be DISMISSED WITH PREJUDICE.

**I.    Background**

Mr. Moody filed his five-count Complaint in state court, and Local 373 removed it to federal Court. ECF No. 1; ECF No. 1-2. Local 373 filed a motion to dismiss, *see* ECF No. 5, which the Court granted. *See* ECF No. 17. In dismissing Mr. Moody's Complaint, the Court permitted Mr. Moody to file an amended complaint as to only Count I, in which Mr. Moody claimed that he was subjected to a race-based hostile work environment in violation of the Pennsylvania Human Relations Act ("PHRA") and the Equal Employment Opportunity Commission ("EEOC").[1] *See id.* at 5–8. Specifically, because non-party PJ Dick was Mr.

---

[1] The Court construed claims asserted under the "EEOC" as being brought pursuant to Title VII, given that Title VII is the law banning discriminatory employment practices and creating the EEOC. *See* ECF No. 5 ¶ 3; *see also* 42 U.S.C. § 2000e, *et seq*. The Court will continue to do so here. *See* ECF No. 20 (Count I – "Hostile Work Environment Racial Discrimination in Violation of the Pennsylvania Human Relations Act
('PHRA') and the Equal Employment Opportunity Commission ('EEOC')").

Moody's employer, not Local 373, the Court indicated that the deficiencies with respect to Count I might be cured by (1) alleging facts about the severity or pervasiveness of the allegedly harassing conduct Mr. Moody claims he was subjected to and (2) alleging facts about the complaints Mr. Moody made to Local 373 and the action(s) he requested that Local 373 take to ameliorate the situation. *Id.*

On June 10, 2022, Mr. Moody filed an Amended Complaint. *See* ECF No. 20. The basic contours of Mr. Moody's hostile work environment claim remain largely unchanged from his original Complaint, although he has supplied some additional detail. For example, as in his original Complaint, Mr. Moody again claims that PJ Dick limited his access to equipment, as compared to the equipment non-African American employees were allowed to use. *See* ECF No. 20 ¶ 5.. Mr. Moody also alleges that he was made to work alone, while non-African American employees "worked as a group." *Id.* Mr. Moody claims that this treatment occurred "daily." *Id.* ¶ 6. Mr. Moody states that he "reported these inconsistencies" to his "union field representative[,] Jason Markovich" and that Mr. Markovich "ignored plaintiff's grievances." *Id.* Mr. Moody then also reported his alleged treatment to "his boss, John Trau," and "Jennifer Howell," but neither addressed Mr. Moody's concerns.[2] *Id.* Finally—and only loosely related to his hostile work environment claim—Mr. Moody claims that Local 373 made him pay his union membership dues in full, while allowing other union members to pay monthly, and also never answered Mr. Moody's question about whether his wife could join the union. *See id.*

As in his original Complaint, Mr. Moody claims that his treatment by PJ Dick amounted to a hostile work environment, and so brings a claim against Local 373 on the theory that, as his union, they were obligated to do something about it but did not. *See* ECF No. 20 ¶¶ 7–12. Local

---

[2] Although unclear from the Amended Complaint, it appears to the Court that Mr. Trau and Ms. Howell were PJ Dick employees.

373 has again moved to dismiss, asserting that Mr. Moody's Amended Complaint again fails to state a claim.  *See* ECF No. 21.

## II. Standard of Review

In resolving Local 373's Motion to Dismiss the Amended Complaint, the Court applies the same standard of review it applied to Local 373's previous motion.  *See* ECF No. 17 at 3–4.  In short, accepting the well-pleaded facts of the Amended Complaint as true and drawing reasonable inferences in Mr. Moody's favor, the Court must determine whether Mr. Moody's Amended Complaint states a legally viable claim.  *See Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 220 (3d Cir. 2011) ("'[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. Discussion

First, given the 10-day late filing of Mr. Moody's response in opposition to Local 373's Motion, the Court would be within its discretion to disregard Mr. Moody's untimely filing and grant the Motion as unopposed.  *See Schutter v. Herskowitz,* No. 07-3823, 2008 U.S. Dist. LEXIS 44356 (E.D. Pa. June 6, 2008) (denying motion to reconsider where motion to dismiss was granted as uncontested pursuant to local rule notwithstanding late filed response) (citing *United States v. Eleven Vehicles*, 200 F.3d 203, 214-15 (3d Cir. 2000) (holding that a district court may only "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.").  Our district's local rules state, in relevant part, that all motions in civil cases "shall comply with the applicable Federal Rules of Civil Procedure, the applicable Local Rules, the orders of the assigned Judge and the practices and procedures of the assigned Judge."  LCvR


7.A.  Section II. E of the undersigned's Practices & Procedures[3], provide that "[p]arties have twenty-one (21) days from service to respond to a dispositive motion."  Mr. Moody has neither made any request for more time, nor provided any rationale for why his failure to comply with the relevant deadlines should be excused in this instance.

That said, because granting a Rule 12(b)(6) motion without reaching the merits is disfavored, *see Pekar v. U.S. Steel/Edgar Thomson Works,* Civil Action No. 09-844, 2010 U.S. Dist. LEXIS 7481, at *20 (W.D. Pa. Jan. 29, 2010) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)(holding that Rule 12(b)(6) motions should not be granted without an analysis of the merits of the underlying complaint), the Court will briefly address why, notwithstanding Mr. Moody's failure to timely file his response in opposition, his Amended Complaint fails to state a claim.

In short, as with his original Complaint, Mr. Moody again fails to allege with sufficient specificity that (1) he asked Local 373 to take action on his behalf and (2) Local 373 failed to do so, such that his Amended Complaint raises a "plausible" claim to relief.  *See* ECF No. 20 ¶ 6 (alleging that Mr. Moody "reported…inconsistencies" to his "union field representative, Jason Markovich").  Indeed, Mr. Moody's use of the words "reported" and "grievances," without more, does not rise above mere "labels and conclusions."  *Twombly*, 550 U.S. at 555.

This is important because, as Mr. Moody's union rather than his employer, Local 373 cannot be held liable for a hostile work environment without more.  *See* ECF No. 17 at 7 (finding that "although a union may be held liable under Title VII, the Complaint fails to allege 'that the Union itself instigated or actively supported the discriminatory acts allegedly experienced by' Mr. Moody.") (quoting *Anjelino v. New York Times Co*., 200 F.3d 73, 95 (3d Cir. 1999);  *see also id.*

---

[3] Publicly available on the Western District of Pennsylvania website at
https://www.pawd.uscourts.gov/sites/pawd/files/Wiegand_Interim_Practices_Oct_2020.pdf.

at 5 (noting that "while a union may be liable under Title VII for acquiescence to a company's prohibited employment discrimination, 'mere inaction does not constitute acquiescence.'") (quoting *Hubbell v. World Kitchen*, LLC, 717 F. Supp. 2d 494, 502 (W.D. Pa. 2010) (Conti, J.)). Simply alleging that Mr. Moody "reported" the allegedly hostile work environment to a union representative is insufficient. *See Anjelino*, 200 F.3d at 95–95 (affirming "dismissal of all claims against the Union because the Union was not the employer of the appellants; this is so even though some of the supervisors and workers who are alleged to have discriminated against the appellants may have been members of the Union," and noting that "the [employer] was the party responsible for assigning work to the appellants and ensuring that the work place was not contaminated with sex- and race-based discrimination and harassment.").

Finally, even if Mr. Moody had adequately alleged action or acquiescence on the part of Local 373, his Amended Complaint again fails to put forward sufficient factual material which, if taken as true and viewed in the light most favorable to Mr. Moody, would establish the kind of "severe or pervasive" conditions necessary to establish the existence of a hostile work environment. *See* ECF No. 17 at 7–8 (citing, e.g., *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017) (listing factors for assessment of existence of hostile work environment)).

Mr. Moody contends that PJ Dick made him work alone and prohibited him from using any equipment but a "scissor lift," despite allowing non-African American employees to work in groups and use equipment. ECF No. 20 ¶ 5. First, although Mr. Moody alleges PJ Dick treated him this way on a "daily" basis, ECF No. 20 ¶ 6, he does not allege any facts about to support how long this went on for, or whether there were any aggravating factors—e.g., racially discriminatory comments, etc. Next, and more importantly, what is lacking from Mr. Moody's allegations is any information about Mr. Moody's co-workers aside from their race. That is, Mr. Moody alleges that

5

he was a laborer, *see id.* ¶ 4, but does not allege that the non-African American employees PJ Dick allegedly treated differently were also laborers. Given the diversity of jobs on a construction site—e.g., laborers, carpenters, electricians, etc.—Mr. Moody's barebones allegations do not raise a plausible inference that the allegedly unequal treatment he received was on account of his race rather than his job title.[4]

Finally, with respect to his claims about his union dues, *see id.* ¶ 6, those allegations are well outside the scope of the underlying EEOC Charge; as such, Mr. Moody has failed to administratively exhaust any claim related to those allegations. *See* ECF No. 6 at 11–12; *see also Simko v. U.S. Steel Corp,* 992 F.3d 198, 210–11 (3d Cir. 2021) (discussing exhaustion analysis and finding "[a]t bottom, we must compare the two sets of allegations and evaluate whether they are sufficiently related such that a reasonable investigation of the original charge would address the subsequent, unexhausted claims."). Mr. Moody's original charge—indeed, his original Complaint—make no mention of any allegations related to union dues or Mr. Moody's wife desiring to join the union.

In sum, Mr. Moody's Amended Complaint will be dismissed because (1) he failed to timely oppose Local 373's Motion; (2) his Amended Complaint fails to allege sufficient facts about Local 373's involvement to raise a plausible claim against it; (3) his Amended Complaint fails to allege sufficient facts from which it can be plausibly inferred that a severe or pervasive hostile work environment existed; and (4) Mr. Moody's remaining allegations, related to his union dues and

---

[4] The photographs Mr. Moody attached as "Exhibits" to his Amended Complaint, ECF Nos. 20-1 and 20-2, which consist of a series of unlabeled photographs, without any context or explanation of their contents, do not lend any support to Mr. Moody's claim. Indeed, as Local 373 notes in its Brief, ECF No. 22 at 3, many of the photographs depict white employees working alone and without equipment—exactly the sort of "hostile" working environment Mr. Moody alleges PJ Dick imposed on him because of his race.

his wife's interest in joining the union, were not administratively exhausted.  As such, the Amended Complaint will be dismissed.

**IV.     Conclusion**

For the reasons set forth above, Mr. Moody's Amended Complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 26th day of July, 2022.


BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record